# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

STATE OF DELAWARE, )
)
)
v. ) ID No. 1602012206
)
ROBERT L. SMITH )
)
Defendant. )

## ORDER

Date Submitted:   July 20, 2020
Date Decided:    July 27, 2020

Upon consideration of Defendant Robert L. Smith's Petition for Return of Property[1] ("Petition"), the State's Response thereto,[2] and the record in this case, **IT APPEARS THAT:**

1.    Defendant was arrested on February 16, 2016.  On May 23, 2016, Defendant was indicted by a grand jury for Murder First Degree, Possession of a Deadly Weapon During the Commission of a Felony ("PDWDCF"), Disregarding a Police Officer's Signal, and Resisting Arrest.[3]  On August 30, 2017, Defendant pled Guilty But Mentally Ill to Murder First Degree and PDWDCF.[4]  On November 2, 2017, Defendant was sentenced to Level V for the remainder of his natural life for

---

[1] D.I. 63.
[2] D.I. 65.
[3] D.I. 2.
[4] D.I. 24.

Murder First Degree and 25 years at Level V, followed by 6 months at Level IV (DOC Discretion) for PDWDCF.[5]

2.     On November 27, 2017, Defendant filed a *pro se* Rule 61 Motion for Postconviction Relief claiming ineffective assistance of counsel and seeking to withdraw his guilty plea.[6]  Consideration of Defendant's Motion for Postconviction Relief is deferred pending his appeal of the conviction to the Delaware Supreme Court.[7]

3.     On April 14, 2020, Defendant filed this Petition for Return of Property pursuant to Superior Court Criminal Rule 41(e).[8]  Defendant seeks return of his wallet, $330.00 USD, and cellphone seized at the time of his arrest.[9]

4.     In response, the State seeks to stay the Petition until the Court rules a on the pending Motion for Postconviction Relief.[10]  The State asserts that if the Motion for Postconviction Relief is denied and the conviction remains, the State will not oppose the Petition.[11]

---

[5] D.I. 26.
[6] D.I. 28.
[7] D.I. 32.
[8] D.I. 63. *See* Del. Super. Ct. Crim. R. 41(e) ("A person aggrieved by the deprivation of property seized by the police may move the court for the return of property on the ground that such person is entitled to lawful possession of the property.").
[9] *Id.*
[10] D.I. 65.
[11] *Id.*

5.     Given that Defendant's Motion for Postconviction Relief is currently pending before the Court, Defendant's Petition for Return of Property is hereby stayed until the Court issues a decision on such Motion.

**IT IS SO ORDERED.**

*Jan R. Jurden*

Jan R. Jurden, President Judge

Original to Prothonotary
cc:     Robert L. Smith (SBI# 00186178)
          Periann Doko, DAG

3